**UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **SHARON NELSON** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 08-3934** |
| | * | |
| **MATRIX GROUP INTERNATIONAL, INC.** | * | **SECTION "B"(5)** |

                              **ORDER AND REASONS**

   Considering Defendant's Motion to Continue Trial (Rec. Doc. No. 60) and Plaintiff's Motion to Strike Answer and Defenses (Rec. Doc. No. 47),

   **IT IS ORDERED** that the Motion to Continue Trial (Rec. Doc. No. 60) is **DENIED**.

   **IT IS FURTHER ORDERED** that the Motion to Strike (Rec. Doc. No. 47) Answer and Defenses of Defendant Matrix Group International, Inc. is **GRANTED** for reasons below.

   In addition to failing to designate counsel needed for a corporate entity to appear, as ordered, Matrix has also failed to file a witness or exhibit list as ordered (*see* Rec. Doc. No. 22); failed to communicate with Plaintiff's counsel to prepare a joint pre-trial order or submit any pretrial inserts or required by standing pretrial instructions of the Court; failed to appear at the hearing on the Motion to Compel Discovery that was held via telephone on February 17, 2010 to accommodate Matrix; and failed to comply with Court order requiring Matrix to complete discovery within one week of February 17, 2010 (*see* Rec. Doc. No. 42).

Matrix does not explain why it failed to comply with above noted multiple court orders; nor does it explain why at the eleventh hour, on the eve of trial, and beyond all applicable deadlines, it found funds to hire counsel with a "loan of limited funds to retain" counsel, Rec. Doc. No. 55-1, at numbered paragraph 9.

This court has considered and now rejects lesser sanctions for this Defendant's repeated, intentional and inexcusable failures to comply with several Court orders designed to facilitate its defenses to the captioned action. Plaintiff is unduly prejudiced by Defendant's eve-of-trial maneuvering. Defendant had ample opportunity to rehabilitate itself but chose to keep the Plaintiff and this Court waiting for Defendant's compliance. Continuous delays and inexcusable failures to obey Court orders constitute extreme abuse of the judicial process. *See* Fed. R. Civ. P. 37(b)(2); *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam); *K.M.A. Inc. v. Gen. Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1981). The fact that Defendant's principal corporate representative has a law degree further underscores the finding of inexcusable conduct by Defendant.

Defendant's Answer/Defenses/Counterclaim are thereby **STRICKEN**, and Plaintiff is granted leave to move for default judgment no later than the set trial date, **March 15, 2010**.

New Orleans, Louisiana, this 12th day of March, 2010.

                                                                                    _____
                                                                                    IVAN L.R. LEMELLE
                                                                                    UNITED STATES DISTRICT JUDGE